## MARY LINDSEY CORREA *v.* WAIAKEA MILL COMPANY.

## No. 1873.

FILED MARCH 14, 1930.                    DECIDED MARCH 28, 1930.

PERRY, C. J., BANKS AND PARSONS, JJ.

*Per Curiam.* This is a petition for a rehearing. The petitioner calls our attention to certain portions of the opinion rendered in this case which she claims are erroneous and because of these alleged errors she asks for a rehearing.

She alleges that we erred in saying that "prior to the time it received notice to cease cultivation the defendant had expended in cultivating and fertilizing Lot 1409 the sum of $2575.28." Her grounds of objection to this statement are (1) that the finding was not an issue in the trial and was not the subject of any assignment of error, and (2) that the evidence does not show that the defendant spent anything in cultivating and fertilizing the land or the scrub ratoon cane on Lot 1409 after taking off the crop of 1918, and that the undisputed evidence does show that no part of the expenditures on fields 31 and 32 were apportioned under the contract of August 12, 1918, to Lot 1409 or authorized to be charged to plaintiff.

Regarding the first objection we think, as appears from the original opinion, that this expenditure was material to the issue of whether the defendant acted in good faith in committing the trespass. Regarding the second ground of the objection, it is not supported by the transcript of the evidence. A witness, David McHattie Forbes, called on behalf of the defendant, on his examination in chief

was asked this question: "Can you say from your investigation, from your looking at the accounts at that time, say, April 16, 1920, what was the amount in money of the cultivation that had been done upon this land up until the time when you were notified to quit?" The answer was: "Well, the amount was somewhere around $2500.00, the total amount, including fertilizer." Later on in this examination the witness, after examining a paper which was handed him by counsel, was asked: "Was there any cultivation? If so, to what amount?" The answer was: "To the extent of $2,575.28." This testimony was uncontradicted by any other witness. In using the expression complained of we did not say nor intend to say that upon another trial contradicting or explanatory evidence would not be admissible.

The next complaint made by the petitioner is that we misquoted the instruction which we held to be erroneous and upon which we based the reversal of the case. We quoted the instruction as follows: "You are instructed that good faith means an honest and innocent purpose, free from knowledge of circumstances or facts which ought to put a person upon inquiry as to the rights of others. The burden of proving inquiry as to the innocence rests upon the defendant and in a case of trespass and conversion it relates only to the measure of damages to be awarded;" whereas the petitioner claims that the instruction as asked for and given is as follows: "You are instructed that good faith means an honest and innocent purpose, free from knowledge of circumstances or facts which ought to put a person upon inquiry as to the rights of others. The burden of proving good faith or innocence rests upon the defendant and in a case of trespass and conversion it relates only to the measure of damages to be awarded." We took the instruction from the certified copy of the record, which we had a right to assume was a

true copy. Conceding, however, that the instruction was in the language claimed by the petitioner and not in the language certified by the clerk of the circuit court, we think it makes no difference. In either case, for the reasons expressed in the original opinion, the instruction was improperly given. The same reasoning applies to the instruction whether it was in the one form or in the other. There is no need to reiterate the grounds upon which we held the instruction to be bad. We think those grounds were entirely sound and we adhere to them.

The petitioner also complains "that the court erred in deciding that, upon the state of the whole of instructions given and upon the state of the evidence (the defendant not attempting to show the value of any labor or expenditures upon the converted property), the statement that 'the burden of proving good faith or innocence rests upon the defendant and in a case of trespass and conversion it relates only to the measure of damages to be awarded,' was without significance and confusing to the jury; and it is alleged that the court erred in failing to consider that plaintiff's instruction No. 2, which was given, and which is supported by a long list of authorities" (citing several cases) "and which, when taken in conjunction with defendant's instructions Nos. 6 and 10, made it sufficiently clear to the jury that if it found the defendant acted with innocent motives it should award the lower measure of damages, which would be the value of the cane at the time it was cut, while if it found the defendant had willfully and knowingly trespassed and took plaintiff's cane for its own use, benefit and profit as alleged, then the higher measure of damages would be applicable, *which would be the full value of the crop,* without deductions for defendant's labor or expenditures." Assuming that this language was intended to convey the thought that, in deciding that the instruction we held to have been improperly

given was bad because it was misleading, we failed to consider other instructions in connection with it and failed to consider the cases referred to by the petitioner, this ground of the petition is without merit for the reason that in reviewing the instruction the instructions and cases mentioned were very carefully considered and we thought then and we still think our conclusion was correct.

The petitioner also complains that we erred in ordering a new trial without disposing of certain alleged errors assigned by the defendant and that without a ruling upon these assignments the questions which they present will be a "disturbing element of uncertainty" in the event of another trial. This, obviously, is not a sufficient reason for rehearing the case. Courts often pass unnoticed and undetermined questions that are not necessary to a disposition of the appeal and which are not deemed of sufficient importance to require discussion.

The petition is denied without argument under the rule.

*A. G. Correa* and *D. E. Metzger* for the petition.